MEMORANDUM **
In these consolidated petitions for review, Irfan Pervai Bhatti, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals’ (“BIA”) order summarily affirming an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”) and the BIA’s order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir.2004), we review for abuse of discretion the denial of a motion to reopen, Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir.2004) and we review de novo constitutional questions, Ram v. INS, 243 F.3d 510, 516 (9th Cir.2001). We deny the petitions for review.
Substantial evidence supports the IJ’s adverse credibility finding based on an inconsistency between Bhatti’s declaration, police certificate, and his testimony regarding whether the police had a record of his arrest, and based on his father’s internally inconsistent testimony regarding the extent and timing of threats to Bhatti from Muslim militants. See Kaur v. Gonzales, 418 F.3d 1061, 1067 (9th Cir.2005); see also Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001). Because the IJ had reason to question Bhatti’s credibility, the IJ reasonably took into account Bhatti’s failure to provide corroborating evidence in support of his claim of persecution, see Sidhu v. INS, 220 F.3d 1085, 1091-92 (9th Cir.2000) and we are not compelled to conclude that corroborating evidence was unavailable, see 8 U.S.C. § 1252(b)(4)(D). Accordingly, we uphold the agency’s denial of asylum and withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
*213 Because Bhatti’s CAT claim is based on the same statements the IJ found to be not credible, and he does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured if returned to Pakistan, substantial evidence supports the IJ’s denial of CAT relief. See id. at 1156-57.
The BIA did not abuse its discretion in denying Bhatti’s motion to reopen as untimely because it was not filed within 90 days of the BIA’s underlying order, see 8 C.F.R. § 1003.2(c)(2), and Bhatti failed to demonstrate changed circumstances in Pakistan to qualify for the regulatory exception to the time limit, see 8 C.F.R. § 1003.2(c)(3)(ii); see also Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir.2004) (“The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.”).
Bhatti also contends the BIA violated his due process rights by not allowing him to present evidence of changed circumstances at an evidentiary hearing. Because the BIA considered the affidavits and country condition information attached to Bhatti’s motion to reopen, he cannot show a violation. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (holding petitioner must demonstrate error and substantial prejudice to prevail on a due process claim).
PETITIONS FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.